IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOSE SANTOS | : | CIVIL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | No. 17-5801 |
| | : | |
| ANDREW SAUL,[1] | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

## ORDER

AND NOW, this 27th day of June, 2019, upon consideration of Plaintiff José Santos's Brief and Statement of Issues in Support of Request for Review, and Defendant Andrew Saul, Commissioner of Social Security's response thereto, Santos's reply, and after careful review of the Report and Recommendation of United States Magistrate Judge Richard A. Lloret and Santos's objections, it is ORDERED:

1. Santos's objections to the Report and Recommendation (Document 13) are OVERRULED[2];

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

[2] Plaintiff José Santos seeks review of the denial of his application for Social Security Disability Insurance Benefits and Supplemental Security Income by Defendant Andrew Saul, Commissioner of Social Security. In a decision issued on September 8, 2016, an Administrative Law Judge (ALJ) concluded Santos was not disabled after applying the Social Security Administration's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. The ALJ first found Santos had not engaged in substantial gainful employment since June 3, 2015, the alleged onset date of his disability. Second, she determined Santos had two severe impairments—affective and anxiety-related disorders. Third, the ALJ found Santos's impairments did not equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Fourth, the ALJ concluded Santos had the residual functional capacity to perform work at all exertional levels but was restricted to "simple, routine tasks," "simple work-related decisions," no contact with the public, and occasional contact with supervisors and coworkers. Finally, the ALJ determined Santos was unable to perform any of his past relevant work, but jobs he could perform exist in significant numbers in the national economy.

In his Request for Review, Santos argues the ALJ's decision is not supported by substantial evidence because the ALJ (1) improperly "rejected medical opinion evidence without reasonable explanation," Req. for Review 2, and (2) "erred by finding [he was] not disabled based on testimony from a vocational expert elicited by improper hypothetical questioning," *id.* at 8. On March 29, 2019, United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation (R&R) addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed.

On April 12, 2019, Santos filed objections to the R&R reasserting the arguments he made in his Request for Review. Santos argues the ALJ (1) "rejected medical opinion evidence without reasonable explanation," Objs. 1, and (2) "erred by finding [he was] not disabled based on testimony from a vocational expert elicited by improper hypothetical questioning," *id.* at 5. Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."

Upon de novo review of the record, and in light of the fact that Judge Lloret has already considered and addressed the arguments set forth in his objections, Santos's objections are overruled for the reasons stated in the R&R. The Court will nevertheless briefly address Santos's reliance on *Burns v. Barnhart*, 312 F.3d 113 (3d Cir. 2002), in support of his objection to the hypothetical the ALJ posed to the vocational expert. Specifically, Santos argues the ALJ's use of the phrase "is limited to perform simple and routine tasks" in the hypothetical she posed was impermissibly vague.

In *Burns*, the Third Circuit determined the ALJ's decision to deny benefits was not supported by substantial evidence where he relied on a hypothetical that "did not refer to any of the type of limitations later outlined in" the report prepared by the doctor who diagnosed Burns as having borderline intellectual functioning." 312 F.3d at 123. The ALJ's hypothetical asked for the vocational expert to assume "a person of the same age, education and work background as Mr. Burns, and further assume that the individual is capable of light exertional work, provided it involves no more than occasional postural activity, and no more than simple repetitive one, two-step tasks." *Id.* at 122. The Third Circuit determined that the ALJ's reference to "simple repetitive one, two-step tasks" was too vague and "could refer to a host of physical and mental limitations." *Id.* at 123. The Third Circuit noted that "a hypothetical question posed to a vocational expert 'must reflect *all* of a claimant's impairments.'" *Id.* (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)).

Despite Santos's arguments to the contrary, *Burns* is inapposite to the instant case. Santos's objection takes the ALJ's use of the phrase "is limited to perform simple and routine tasks" out-of-context. When read in the context of the ALJ's entire hypothetical, it is evident the ALJ's hypothetical "reflected all of [Santos's] impairments," *id.*, and was not impermissibly vague. In whole, the ALJ asked the vocational expert:

> Let's assume there is an individual of the same age and education of the claimant and with the jobs that you described. Lets also assume the person is limited to perform simple and routine tasks. *The person can frequently interact with supervisors, frequently with co-workers, occasionally with the public.* Can a person like that perform any of the claimant's past relevant work?

Administrative Record (A.R.) 55 (emphasis added). The ALJ's hypothetical in this instance reflected the limitations caused by Santos's affective and anxiety-related disorders by asking the

2. The Report and Recommendation (Document 12) is APPROVED and ADOPTED;

3. Santos's Request for Review (Document 8) is DENIED; and

4. Judgment is entered in favor of the Commissioner by separate order, filed contemporaneously.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

vocational expert to consider their effects on a person's ability to interact with supervisors, co-workers, and the public—all of which were noted and discussed in the reports prepared by Santos's treating physician Shane Danielson, M.D., *see* A.R. 348, 351-52, and the state-agency consultant William Anzlone, Psy. D., *see id.* at 62-66. Thus, the ALJ's hypothetical was not impermissibly vague and "reflected all of [Santos's] impairments," *Burns*, 312 F.3d at 123 (quoting *Chrupcala*, 829 F.2d at 1276). Santos's objection is therefore meritless.

Accordingly, the Court finds the ALJ's decision was supported by substantial evidence, Santos's objections to the R&R are overruled, and the R&R is approved and adopted.